UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENYA JACKSON,

                Plaintiff,

-against-

DEPARTMENT OF HOMELAND SECURITY; CARES FOR THE HOMELESS; EPIC SECURITY; DEPARTMENT OF SOCIAL SERVICES; CITY OF NEW YORK ATTN; CORPORATION COUNSEL,

                Defendants.

23-CV-9498 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her rights. By order dated October 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Kenya Jackson brings this action against the "Department of Homeland Security," by which she may have intended to mean the New York City Department of Homeless Services;[1] Care for the Homeless, a nonprofit organization that provides health services to

---

[1] Plaintiff lists 33 Beaver Street in New York, New York, as the address for the "Department of Homeland Security." This address, however, belongs to the New York City Department of Homeless Services. The nature of the other defendants sued by Plaintiff suggests that she may have intended to sue the New York City Department of Homeless Services rather than the federal Department of Homeland Security.

homeless people in New York; Epic Security; the New York City Department of Social Services; and, possibly, the City of New York.[2]

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "When a hotel, boarding house, rooming house or lodging house diverts a traveler who is a United States citizen, with DHS approval, is ass[a]ulted by a third party agency, is fraud?" (ECF 1, at 2.)[3]

Plaintiff states that the events giving rise to her claims arose on October 21, 2023, at a "Henry Settlement" facility located at 282 E. 3rd Street in New York, New York.[4] The following allegations are taken from the complaint. Plaintiff, who describes herself as a "traveler," was "diverted for gain by DHS approval" and was assaulted by an employee of Epic Security, who "punched [Plaintiff] in the face leaving bru[i]ses to the face and neck." (*Id.* at 5.) The Epic employee also kicked Plaintiff in the stomach while "grabbing and holding on to [her] hair." (*Id.*)

Plaintiff alleges that she suffered scars on her nose, cheek, and neck, which required treatment at Mt. Sinai Hospital, and a "loss of belongings." (*Id.* at 6.)

Plaintiff seeks $80,000 in damages.

---

[2] Plaintiff may have listed "City of New York Attn: Corporation Counsel" as the representative of the New York City Department of Social Services. (*See* ECF 1, at 4.)

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[4] Plaintiff refers to "Henry Settlement," which the Court understands to be Henry Street Settlement, a nonprofit organization that provides social services, arts, and health care programs to New Yorkers. *See* https://www.henrystreet.org/.

## DISCUSSION

A. **Department of Homeland Security**

As noted above, it is unclear whether Plaintiff intended to assert claims against the Department of Homeland Security, which is a department of the United States government. To the extent Plaintiff is asserting claims against the Department of Homeland Security, those claims must be dismissed as barred by the doctrine of sovereign immunity.

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[5] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Any claims Plaintiff is seeking to assert against the Department of Homeland Security are therefore dismissed as barred by the doctrine of sovereign immunity.

B. **Constitutional Claims Under 42 U.S.C. § 1983**

Because Plaintiff invokes the court's federal question jurisdiction and seeks money damages from New York City agencies arising from an excessive use of force, the Court construes the complaint as attempting to assert constitutional claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the

---

[5] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). As stated above, it is doubtful that Plaintiff intended to sue the Department of Homeland Security. In any event, the facts as alleged in the complaint do not suggest that the FTCA is implicated here.

Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 1. Agencies of the City of New York and the City of New York

Plaintiff's claims against the New York City Department of Social Service and any claims she may be attempting to assert against the New York City Department of Homeless Services must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Claims concerning actions by agencies must be brought against the City of New York.

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff does not allege any facts suggesting that the City of New York has a policy, custom, or practice that violated her constitutional rights. Rather, she identifies a single instance in which she was allegedly assaulted by an individual who does not appear to be an employee of the City of New York. The Court therefore dismisses Plaintiff's Section 1983 claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Private Parties

The Court must also dismiss Plaintiff's constitutional claims against Cares for the Homeless and Epic Security. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Care for the Homeless is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983.

Plaintiff also names Epic Security. A private security guard may be considered to be a state actor if he or she exercises certain police powers granted by the state or local government, such as the power to make an arrest. *See Rojas*, 924 F.2d at 408 (2d Cir. 1990) (on appeal, private department store did not dispute district court's holding that the department store's security guard, who was a Special Police Officer under the New York City Administrative Code,

and who arrested the plaintiff, was a state actor); *see also Kilyako-Gullas v. E. End Temple*, No. 1:20-CV-5690, 2020 WL 4926155, at *2 (S.D.N.Y. Aug. 20, 2020) ("Courts within this Circuit have recognized . . . that a private security guard may act as a state actor if he or she has been granted certain police powers by the state or local government." (citing cases)); *Brooks v. Santiago*, No. 93-CV-0206, 1994 WL 529865, at *1 (S.D.N.Y. Sept. 28, 1994) (noting that "where the private security officer bears some additional imprint of public authority, his conduct may constitute state action" (citing cases)).

Here, Plaintiff alleges that she was assaulted by an "Epic Security employee," but she does not name as a defendant the individual employee that assaulted her. Nor does she allege any facts suggesting that the Epic employee was a security guard who has been granted certain police powers by a local or state government so that the employee may be considered a state actor for purposes of Section 1983. The Court therefore dismisses Plaintiff's claims against Epic Security for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead her claims against the Epic security guard in an amended complaint in which she names the individual security guard as a defendant[6] and alleges facts suggesting that he is a state actor.

## C.    State Law Claims

Plaintiff asserts claims for assault, which arise under state law, not under federal law. The Court may only consider Plaintiff's state law claims if it exercises supplemental jurisdiction of such claims or if Plaintiff alleges facts demonstrating that the Court has diversity of citizenship jurisdiction of her state law claims. A district court may decline to exercise supplemental

---

[6] If Plaintiff does not know the name of the individual security guard, she may list him a as John Doe.

jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

Plaintiff may bring her state law claims under the court's diversity of citizenship jurisdiction, but the complaint does not allege facts demonstrating that the court has diversity of citizenship jurisdiction of her law claims. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff alleges facts demonstrating that she and Defendants are residents of the State of New York, therefore precluding diversity of citizenship jurisdiction.

**D.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot determine at this stage that amendment is futile, the Court grants Plaintiff 30 days' leave to replead her Section 1983 claims against an individual employee of Epic Security. If Plaintiff files an amended complaint, she must show that the security guard was a state actor by alleging facts suggesting that he was granted police powers, such as being designated as a Special Police Officer under the New York City Administrative Code.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint under the doctrine of sovereign immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1015(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint that complies with the standards set forth above. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing the complaint for the reasons stated in this order and declining, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to mail a copy of this order to Plaintiff at her address of record.[7]

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[7] Plaintiff consented to receive electronic service of court documents in this action. (ECF 3.) On November 14, 2023, however, Plaintiff filed a letter stating that she would like to "opt out of the PACER electronic[] system and receive notification by mail." (ECF 5.)